IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANA BRIGGS | No. 25 CR 610<br><br>Judge Gabriel A. Fuentes |

**DEFENSE MEMORANDUM ON THE LACK OF GOOD CAUSE FOR A PROTECTIVE ORDER**

The government moved for a protective order for body-worn camera (ECF No. 20), which the defense opposed (ECF No. 22). The Court held a status hearing and provisionally granted the protective order pending further briefing. (ECF No. 23.) Mr. Dana Briggs, by the Federal Defender Program and its attorney, Akane Tsuruta, respectfully requests that this Court deny the government's request for a protective order for the body-worn camera footage because the government has not shown good cause.

The plain language of Rule 16(d)(1) of the Federal Rules of Criminal Procedure indicates that unrestricted access to and use of discovery is the default. "Good cause" is required to deviate from that default position. Fed. R. Crim. P. 16(d)(1). Rule 16(d) was designed to address abuses of discovery, such as "the safety of witnesses and others, a particular danger or perjury or witness intimidation, the protection of information vital to the national security, and the protection of business enterprises from economic

1

reprisals." Fed. R. Crim. P. 16(d) Advisory Committee's Note to 1966 Amendment to Former Subdivision (e).

Practice has reflected the rule's design. Good cause has been limited to protecting sensitive information. *See e.g.*, Minute Entry, *United States v. Pietrzykowski*, No. 12-CR-39 (N.D. Ill. Feb. 20, 2013), ECF No. 72 (limiting the protective order to sensitive information, including "identifying information" such as "nonparty names, addresses, dates of birth, driver's license numbers, [and] social security numbers).[1] The party seeking a protective order must articulate particularized danger that would result from production of the disputed discovery without a protective order. *See United States v. Cross*, No. 20-CR-9, 2020 WL 2542818, at *3 (E.D. Wis. May 19, 2020). In *United States v. Cross*, for example, the court denied the government's motion for a protective order because the government had not shown a particularized reason to fear that the confidential informant, whose voice and face were shown in the body-worn video, would be exposed or threatened. 2020 WL 2542818, at *3.

The government here has not shown good cause. There is no sensitive information in the body-worn video—no names, addresses, or any other identifying information. The government contends that law enforcement's unmasked faces are enough to warrant a protective order. As argued in the filed response to the government's motion, people generally do not have privacy protections for their faces. (Def. Resp., ECF No. 22.) The

---

[1] The order is included, in full, below.

government cites its own DHS press release about threats to ICE officers as a basis for the protective order. This basis is not particularized to Mr. Briggs. The government cites no danger that the defense will broadly disseminate the video or otherwise threaten the unmasked officers shown on the video.

For the reasons stated above, Mr. Briggs respectfully requests that this Court deny the government's request for a protective order for the body-worn video.

Respectfully submitted,

FEDERAL DEFENDER PROGRAM
John Murphy
Executive Director

By: *s/ Akane Tsuruta*
     Akane Tsuruta
     Attorney for Dana Briggs

FEDERAL DEFENDER PROGRAM
55 E. Monroe St., Suite 2800
Chicago, Illinois 60603
(312) 621-8328

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 CR 39 - 2 | **DATE** | 2/20/2013 |
| **CASE TITLE** | United States vs. Krzysztof Pietrzykowski | | |

**DOCKET ENTRY TEXT**

The Court grants the United States' motion for a protective order in part [68] and directs the United States to submit a revised protective order consistent with the Court's order by 2/27/13.

■[ For further details see text below.]    Notices mailed by Judicial staff.

## STATEMENT

Before the Court is the United States of America's (the "United States") motion for a protective order. (R. 68, Mot.) The United States attached a proposed protective order (the "Proposed Order") to its motion. (R. 68-2, Gov't Ord.) According to the United States, it seeks to protect highly confidential and private information, particularly victims' identifying information, confidential information, and personal identifying information, as well as grand jury materials. (Mot. at 2.)

Under the Federal Rules of Criminal Procedure, the Court has the ability to regulate discovery by entering a protective order. *See* Fed. R. Crim. P 16(d)(1) ("At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."). Defendant Kryzstof Tomasz Pietrzykowski ("Defendant") does not object to the Court entering a protective order, recognizing there is good cause for some protective measures to govern discovery in this case. (R. 69, Resp. at 1.) Defendant, however, objects to the Proposed Order, arguing that (1) it is overly broad, and (2) it unduly compromises his ability to prepare a defense. (*Id.*) Defendant proposes an alternate protective order, which he believes "strikes a fair balance between the needs of the defense and the protection of third parties." (*Id.*) Defendant attached his proposed order to his response. (R. 69-1, Def.'s Ord.)

| | Courtroom Deputy Initials: | KF |
|---|---|---|

Defendant objects to four specific paragraphs of the Proposed Order. The Court addresses each in turn.

First, according to Defendant, the first paragraph of the Proposed Order is too broad as it "goes far beyond protecting private and sensitive information" of third parties. (Resp. at 2.) Specifically, the first paragraph of the Proposed Order states that "All of the materials exchanged by the Parties, provided by the United States, or produced by third parties . . . are subject to this protective order." (Gov't Ord. ¶ 1.) The Court agrees with Defendant that this paragraph's definition of the materials subject to protection sweeps too broadly as "it encompasses virtually all of the discovery in this case, even discovery containing no private information that merits protection." (Resp. at 2.) The Court, therefore, directs the parties to amend paragraph one of the Proposed Order to read as follows:

Certain materials exchanged by the Parties, provided by the United States, or produced by third parties, in preparation for, or in connection with the proceedings in this case contain particularly sensitive information ("Sensitive Information"). Sensitive Information includes, but is not limited to: (1) nonparty names, addresses, dates of birth, driver's license numbers, social security numbers, and other identifying information; (2) nonparty financial information; (3) statements by, and reports from interviews of, individuals who have been or are cooperating with the government's investigation; and (4) any information that might disclose the identity of a cooperating individual. All materials containing Sensitive Information (the "Materials"), including those previously produced to the defendant in this case, are subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order this Court.

For consistency and continuity with this revised paragraph one, the Court also directs the parties to replace "Certain materials" in the first sentence of paragraph one of the Proposed Order with "The Materials."

Second, Defendant objects to paragraph five of the Proposed Order, which prohibits Defendant, Defendant's counsel, and authorized persons from disclosing any notes or records they make regarding the contents of the Materials. (Resp. at 3; Gov't Ord. ¶ 5.) Defendant's concern that paragraph five would apply to "work-product pertaining to nonsensitive information" is now moot, however, based on the Court's revision of paragraph one, which limits the protective order only to Sensitive Information,

Third, Defendant argues that paragraph six, which requires defense counsel to provide all authorized persons with a copy of the protective order, may have a "chilling effect on defense counsel's ability to represent [Defendant] vigorously." (Resp. at 4.) Specifically, Defendant fears that this threat will cause witnesses to hesitate before conversing with defense counsel. (Resp. at 4.) The Court disagrees, however, that this paragraph is inappropriate as defense counsel should communicate with witnesses about confidentiality regardless of whether the protective order specifically requires counsel to give witnesses a copy of the protective order itself. This paragraph merely ensures that those people with whom counsel shares the Sensitive Information recognize the sensitive nature of the materials.

Finally, Defendant argues that the clawback provision contained in paragraph eight is overly broad based on the Proposed Order's sweeping reach. (Resp. at 4.) The Court's revised paragraph one, however, eliminates this problem.

The Court, therefore, grants the United States' motion for a protective order in part, and directs the United States to submit a revised protective order consistent with this order by February 27, 2013.