UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANA BRIGGS | No. 25 CR 610<br><br>Judge Gabriel A. Fuentes |

JOINT PRETRIAL STATEMENT

The UNITED STATES OF AMERICA, by ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, and defendant DANA BRIGGS, through his attorney, respectfully submit this joint pretrial statement:

I. **Statement of the Case**

The parties disagree about the statement of the case that the Court should read to the venire, and submit below their respective proposed statements:

*Government Proposal*:

The defendant is charged in a one-count information with forcibly interfering with a federal law enforcement officer in the performance of that officer's official duties. The defendant has pleaded not guilty to the charge.

The information is simply the formal way of telling the defendant what crime he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

*Defense Proposal*:

The United States Attorney has charged Dana Briggs by Information with an offense that allegedly occurred on September 27, 2025, in Broadview, Illinois. The Information charges Mr. Briggs with forcibly resisting, opposing, impeding, and interfering with an officer or employee of the United States, that is, Customs and Border Protection Agent Rachel McCaslin, while she was engaged in the performance of her official duties. Mr. Briggs has pleaded not guilty and denies the government's accusations.

> The information is simply the formal way of telling the defendant what crimes he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

## II.     Trial Length/Number of Jurors

### A.     *Length of Trial*

Including jury selection and deliberations, the parties estimate that the trial will take less than two days to complete.

The government estimates that its case-in-chief will take approximately one-half of a day to present, including anticipated cross-examination. The defendant estimates that his case-if-chief, if any, will also take approximately one-half of a day to present.

### B.     *Length of Opening and Closings Statements*

The parties propose a maximum of 20 minutes for each side for opening statements, 30 minutes each for the government's summation and defendant's closing argument, and six minutes for the government's rebuttal argument.

### C.     *Number of Alternate Jurors*

The parties propose that the Court select one alternate juror.

## III.    Proposed Voir Dire

The parties have consulted regarding the process for completing *voir dire* in this case, but have divergent views regarding the process.

The government's position is that the Court should employee a written juror questionnaire (further described below) to be filled out by the jurors ahead of being

brought to the courtroom for jury selection. The government requests that the parties each be given a copy of the completed questionnaires prior to the jurors being brought to the courtroom for jury selection. After the potential jurors are assembled in the courtroom, the Court should read the statement of the case and the first five General Voir Dire Questions, dealing with any affirmative responses at that time. Following its customary practice for questioning the panel, the Court should then ask each potential juror about any answers in the individual's questionnaire that may be indicative of disqualification for any reason, including bias.

The defendant's position is that the Court should not use a written questionnaire and, instead, should proceed in the manner described in the Court's Standing Order for Criminal Trials, but adding the defense questions set out below.

The government's position is that, after the Court questions an individual juror (or a panel of jurors), the Court should give the parties an opportunity to request that *the Court* rather than the parties ask follow-up questions of an individual juror (or jurors). The defendant defers to the Court's judgment on whether to allow the parties to ask follow-up questions.

Both parties generally agree with the questions set forth in the Court's list of general voir dire questions.

The government's proposed written questionnaire, which is attached as Exhibit A to this Joint Pretrial Statement, expands the amount of detail requested for several of the Court's general questions and adds additional questions. The defense objects to both the format of the questionnaire as well as all questions not

included in the standard voir dire and the defense's proposed additional questions based on redundancy and relevance.

Defendant has proposed additional questions to the standard voir dire. *See* Exhibit B. The government's position on these questions is included in Exhibit B.

## IV. <u>Stipulations</u>

The parties are in the process of determining whether they will enter into stipulations or concede uncontested facts.

Respectfully submitted,

| | |
|---|---|
| ANDREW S. BOUTROS<br>United States Attorney | DANA BRIGGS<br>Defendant |
| */s/ Timothy J. Chapman*<br>TIMOTHY J. CHAPMAN<br>Assistant United States Attorney<br>219 South Dearborn Street, 5th Floor<br>Chicago, Illinois 60601<br>(312) 353-5300 | */s/ Akane Tsuruta*<br>AKANE TSURUTA<br>MARY HIGGINS JUDGE<br>Federal Defender Program<br>55 E. Monroe Street, Suite 2800<br>Chicago, Illinois 60603<br>(312) 621-8300 |